### RODERICK McCLELLAN v. LOUIS F. DOW COMPANY.[2]

May 15, 1908.

Nos. 15,541—(52).

Action in the district court for Ramsey county to recover $5,000 for personal injuries sustained by plaintiff's minor son. The case was tried before Brill, J., who directed a verdict for the defendant. From an order granting a new trial, defendant appealed. Affirmed.

*C. D. & R. D. O'Brien* and *E. W. Williams*, for appellant.

*John W. Willis* and *J. C. Zehnder*, for respondent.

PER CURIAM.

The question at issue before the trial court was whether appellant was liable to respondent's minor son because of injuries received by him while

[1] Reported in 116 N. W. 484.     [2] Reported in 116 N. W. 1134.

riding in a freight elevator in appellant's building for the purpose of delivering certain merchandise to appellant's tenants occupying the third floor. At the close of the case the court directed a verdict for appellant upon the ground that it appeared from the evidence that no contractual relation existed between the boy and appellant, and that there was no contract between appellant and the tenants which gave the boy any right to ride on the elevator, and that he was only a licensee.

The trial court granted a new trial upon the ground that the court had been mistaken as to the effect of the evidence; that the evidence warranted a finding that the tenants had a right to have merchandise carried up in the freight elevator; and that respondent's son had a right to assume that it was intended he should use the elevator for the purpose of delivering such merchandise.

The only question raised by the assignment of errors is: Does it conclusively appear from the evidence that the boy was a licensee? We have examined the record and are of opinion that it does not conclusively so appear; that the evidence was sufficient to sustain the allegations of the complaint, and justified the trial court in directing a new trial upon the ground stated.

Affirmed.